**Ex parte Ronald L. FLANNIGAN, Relator.**

**No. 16073.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Nov. 22, 1972.

Ranseler O. Wyatt, Houston, for relator.

No brief filed for appellee.

BELL, Chief Justice.

Relator filed his petition for a writ of habeas corpus seeking his release from the custody of the Sheriff of Harris County. He was committed to custody by the Judge of the Court of Domestic Relations No. 2 of Harris County for contempt of court for failure to pay child support. The judgment of contempt was dated January 26, 1972. It found Relator was delinquent in the amount of $1700. The court allowed an attorney's fee of $100. Punishment was fixed at confinement in jail for three days and until Relator should pay $1800.00. Thereafter on September 18, Relator filed a motion alleging he had served three days in jail and asked that he be discharged because he was unable to pay the delinquency. The evidence shows Relator has been in jail since August 21. The trial court after hearing evidence at the hearing on the motion remanded Relator to custody until he should pay $2400. No basis for the increase is shown.

The only record of evidence heard by the trial court that is before us is that given at the hearing on the motion to release.

The evidence given by Relator shows he was the owner of a 1970 automobile. There was a lien against it and he was behind in his payments. It had not been repossessed. He did not know how much his equity was worth. He had a motorcycle on which he had paid $300. He testified he had no equity.

 This is a collateral attack on the trial court's judgment. In order to obtain his release Relator must show he is held under a void judgment. To do this he must have shown conclusively to the trial court that he had no means of obtaining money with which to pay. This he has failed to do. The trial court could have concluded that he could borrow money on the automobile and the motorcycle or that he could sell them and obtain the money to pay.

The writ of habeas corpus is denied.